IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL K. BOICE and TRUSTIFY, INC.,<br><br>Defendants,<br><br>and<br><br>GOLEAN DC, LLC, and<br>JENNIFER MELLON,<br><br>Relief Defendants. | Civil Action No. 1:20-cv-00853-TSE-JFA |

## FINAL JUDGMENT AS TO RELIEF DEFENDANT JENNIFER MELLON

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Jennifer Mellon having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

1.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $65,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,850, for

Relief Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

II.

Relief Defendant shall pay the total of disgorgement and prejudgment interest due of $ $71,850 in 7 installments to the Commission according to the following schedule: (1) $9,750, within 90 days of entry of this Final Judgment; and (2) $10,350 every 180 days thereafter until paid in full. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Relief Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Relief Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 2/5/ , 2021

UNITED STATES DISTRICT JUDGE

4