IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:20cv0853 (TSE/JFA) ) |
| DANIEL K. BOICE, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff Securities and Exchange Commission's ("SEC" or "plaintiff") motion for disgorgement and the entry of a final judgment against defendants Daniel K. Boice and Trustify, Inc. ("Trustify"), and relief defendant GoLean DC, LLC ("GoLean") (collectively "defendants").[1] (Docket no. 36). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On July 24, 2020, plaintiff filed a complaint against Mr. Boice and Trustify alleging violations of Section 17(a) of the Securities Act of 1933 and violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder; and against GoLean for unjust enrichment. (Docket no. 1). On August 5, 2020, plaintiff filed an amended complaint alleging

---

[1] Plaintiff previously filed a motion for default judgment (Docket no. 28) that was granted (Docket no. 35). The issue of disgorgement, prejudgment interest, and other monetary relief was deferred until after defendant Boice's sentencing in a related criminal case. (*See* Docket nos. 28, 33, 35).

1

the same claims. (Docket no. 11) ("Compl."). On January 26, 2021, plaintiff filed a motion for default judgment after the Clerk of Court had properly entered default because defendants were properly served and had failed to appear. (*See* Docket nos. 18–20, 25, 28, 33, 35). On February 5, 2021, the undersigned entered a proposed findings of fact and recommendations that, among other things, recommended a finding that defendants Boice and Trustify were liable for violations of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder and that relief defendant GoLean had been unjustly enriched. (Docket no. 33 at 8–13). On March 2, 2021, the District Judge adopted the proposed findings of fact and recommendations, including the findings that defendants Boice and Trustify were liable for violations of the statutes listed immediately prior, and that relief defendant GoLean had been unjustly enriched. (Docket no. 35 at 1–2). The only remaining issues are disgorgement, prejudgment interest, and other monetary relief. (*See* Docket nos. 33 at 14, 35 at 3, 36). On May 24, 2021, plaintiff filed a motion for disgorgement and the entry of a final judgment against defendants Boice and Trustify and relief defendant GoLean, a memorandum in support, and a waiver of hearing.[2] (Docket nos. 36–38).

## Factual Background

The following facts are established in the amended complaint. (Docket no. 11). Between 2015 and 2018, Mr. Boice raised over $18.5 million for Trustify from more than 90 investors located in multiple states by making materially false and misleading statements and omissions. (Compl. ¶ 2, 26). Mr. Boice's false statements and omissions were made concerning

---

[2] Plaintiff also filed a certificate of service on May 24, 2021, certifying that it had mailed defendants copies of the motion for disgorgement and the entry of a final judgment, the memorandum in support, and the waiver of hearing. (Docket no. 36-2). More than twenty-one (21) days (the time for a *pro se* party to file a response) have passed, but defendants have filed no response.

Trustify's revenue growth, its corporate client base, the size of its investigator network, and the use of investor funds. *Id.* Mr. Boice founded and was CEO of Trustify and founded GoLean. (Compl. ¶ 13). Of the more than $18.5 million Trustify raised, at least $8 million was used for Mr. Boice's, and his wife's, personal benefit, which was not disclosed to investors. (Compl. ¶¶ 44, 49–52). As early as March 2015, Mr. Boice was diverting investor funds from Trustify's operating account to a bank account for GoLean, a company he solely controlled. (Compl. ¶ 45). Between March 2015 and December 2015, Mr. Boice transferred $540,885 from Trustify's account to GoLean's account; and GoLean provided no money, goods, services, or anything else of value for the funds it received from Trustify. (Compl. ¶¶ 46, 73, 86). Mr. Boice used that money solely for personal expenses. *Id.*

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on the defendants' failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default against defendants. (Docket no. 25).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## **Relief**

Plaintiff seeks in its amended complaint (1) disgorgement from Mr. Boice and Trustify of all ill-gotten gains from the activities described above, with prejudgment interest; and (2) disgorgement from GoLean of all ill-gotten gains to which it does not have a legitimate claim that it received as a result of the conduct alleged in the amended complaint, with prejudgment interest.[3] (Compl. at 17–18). Plaintiff seeks in its motion for disgorgement and the entry of a final judgment against defendants disgorgement of $8,720,770 from defendants Boice and Trustify with $918,499 in prejudgment interest, but also requests that the order for these amounts in disgorgement and prejudgment interest be deemed satisfied by the Court's order of restitution in the amount of $18,131,742.21 in the criminal case, *United States v. Boice*, 1:20-cr-00167-TSE (E.D. Va. Apr. 26, 2021). (Docket no. 36 at 1). Plaintiff also seeks in its motion for disgorgement and the entry of a final judgment against defendants disgorgement of $540,885 from relief defendant GoLean with $56,968 in prejudgment interest for a total of $597,853, but similarly requests the order for these amounts in disgorgement and prejudgment interest be deemed satisfied by the Court's order of restitution in the amount of $18,131,742.21 in the criminal case, *United States v. Boice*, 1:20-cr-00167-TSE (E.D. Va. Apr. 26, 2021). *Id.* at 2.

Plaintiff fully supports and justifies the requested relief in its memorandum in support of the motion for disgorgement and the entry of a final judgment against defendants (Docket no. 37) and in the Declaration of Daniel N. Berman (Docket no. 37-2, Exhibit 2). A "disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable

---

[3] Plaintiff also sought in its amended complaint an order requiring Mr. Boice to pay a civil penalty pursuant to Section 20(d) of the Securities Act (15 U.S.C. § 77t(d)) and Section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)). (Compl. at 17–18). Plaintiff is no longer seeking this relief. (Docket no. 37 at 5 n.3).

4

relief permissible under [15 U.S.C.] § 78u(d)(5)." *Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020). "A precise calculation of a defendant's profits due to fraud is often impossible, so a court's disgorgement calculation need only be a reasonable approximation of the gains connected to the fraud." *SEC v. N. Star Fin., LLC*, 2019 WL 3860321, at *9 (D. Md. Aug. 15, 2019), *aff'd sub nom., SEC v. Ellis*, 826 Fed. Appx. 306, 307 (4th Cir. 2020). The court also has discretion to award prejudgment interest. *See SEC v. Marker*, 427 F. Supp. 2d 583, 592 (M.D.N.C. 2006); *see also Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 637 F.2d 77, 86 (2d Cir. 1980). Awarding prejudgment interest prevents defendants "from obtaining the benefit of what amounts to an interest free loan procured as a result of illegal activity." *SEC v. Moran*, 944 F. Supp. 286, 295 (S.D.N.Y. 1996). The SEC uses the Internal Revenue Service's method for computing interest on the underpayment of taxes (the "IRS underpayment rate") to calculate prejudgment interest. (Docket nos. 37 at 8, 37-2 ¶ 15). "Th[is] rate reflects what it would have cost to borrow the money from the government and therefore reasonably approximates one of the benefits defendant derived from its fraud." *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996). Plaintiff also requests that defendants Boice and Trustify be held jointly and severally liable for the disgorgement with prejudgment interest. (Docket no. 37 at 9–10); *see Liu*, 140 S. Ct. at 1949 (noting that joint and several liability can be imposed on "partners engaged in concerted wrongdoing").

Plaintiff details a reasonable approximation of defendants' profits from their fraud in the Berman Declaration in the amount of $8,720,770. (Docket no. 37-2 ¶¶ 10–14); (*see also* Docket no. 37-2 at 9–10, 12). Defendants Boice and Trustify may be held jointly and severally liable because defendant Boice owned and controlled Trustify. (Compl. ¶¶ 1, 13–14, 17, 19, 45). Furthermore, no circumstances exist here that would render holding defendants Boice and

Trustify jointly and severally liable unjust. *See Liu*, 140 S. Ct. at 1949. An award of prejudgment interest is appropriate to prevent defendants Boice and Trustify from reaping any profits from their illegal conduct. Using the IRS underpayment rate, plaintiff "calculated prejudgment interest from August 1, 2018, the first period after the last investor funds were deposited into Trustify's bank accounts, through June 30, 2020, the last period before this action was filed." (Docket no. 37 at 10, 37-2 ¶ 16). Using this time period to calculate prejudgment interest captures the time in which defendants Boice and Trustify would have otherwise been receiving the benefit of an interest-free loan from the government on all of the illicit profits. Plaintiff calculated the prejudgment interest to amount to $918,499. (Docket no. 37-2 ¶¶ 15–17); (*see also* Docket no. 37-2 at 14). Accordingly, the undersigned recommends that defendants Boice and Trustify be held jointly and severally liable for disgorgement in the amount of $8,720,770 with prejudgment interest in the amount of $918,499, for a total of $9,639,269.

Relief defendant GoLean was unjustly enriched by receiving illicit profits from defendants Boice and Trustify; GoLean provided no money, goods, services, or anything else of value for the funds it received from Trustify. (Compl. ¶¶ 46, 73, 86). Defendant Boice used that money solely for personal expenses. *Id.* Defendant Boice diverted a total of $540,885 from Trustify's account to GoLean's bank account, which Boice alone controlled. (Compl. ¶¶ 45, 46, 73, 86; Docket no. 37-2 ¶ 19). "Federal courts may order [disgorgement] against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *CFTC v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002) (quoting *SEC v. Cavanaugh*, 155 F.3d 129, 136 (2d Cir. 1998)). Using the IRS underpayment rate, plaintiff calculated prejudgment interest on the $540,885 over the same time period referenced above. (Docket no. 37-2 ¶¶ 21–22).

Plaintiff calculated the prejudgment interest to amount to $56,968. (Docket no. 37-2 ¶¶ 21–23); (*see also* Docket no. 37-2 at 16). GoLean received ill-gotten funds and had no legitimate claim to those funds. For the same reasons discussed above, GoLean should not be allowed to reap the benefit of what would amount to an interest-free loan from the government. Accordingly, the undersigned recommends that relief defendant GoLean be held liable for disgorgement in the amount of $540,885 with prejudgment interest in the amount of $56,968, for a total of $597,853.

Plaintiff seeks to have the order for these amounts in disgorgement and prejudgment interest deemed satisfied by the restitution order entered in the criminal case, *United States v. Boice*, 1:20-cr-00167-TSE (E.D. Va. Apr. 26, 2021), because these funds are a subset of the funds subject to the restitution order in that criminal case. (Docket no. 37 at 10–12). Other courts have similarly entered final judgments for disgorgement with prejudgment interest but deemed the judgments satisfied by restitution orders in parallel criminal actions. *See, e.g., SEC v. Moody*, 2019 WL 2498891, at *2 (E.D. Va. June 13, 2019); *SEC v. Chapman*, 2021 WL 199539, at *8 (E.D. Pa. Jan. 20, 2021). Accordingly, the undersigned recommends that the court hold defendants liable for the above amounts in disgorgement with prejudgment interest, but also deem the order for those amounts satisfied by the restitution order in *United States v. Boice*, 1:20-cr-00167-TSE (E.D. Va. Apr. 26, 2021).

## Conclusion

For these reasons, the undersigned recommends that default judgment be entered in favor of the Securities and Exchange Commission and against defendants Daniel K. Boice and Trustify, Inc., jointly and severally, for disgorgement of $8,720,770 with prejudgment interest in the amount of $918,499 for a total of $9,639,269, and against GoLean DC, LLC for disgorgement of $540,885 with prejudgment interest in the amount of $56,968, for a total of

$597,853. The undersigned also recommends that the order for all the disgorgement and prejudgment interest be deemed satisfied by the restitution order in *United States v. Boice*, 1:20-cr-00167-TSE (E.D. Va. Apr. 26, 2021).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Daniel K. Boice personally and as the registered agent of Trustify and GoLean at 431 N. Fletcher Avenue, Fernandina Beach, Florida 32034, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 24th day of June, 2021.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia